IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD  AGOSTINELLI  and JOANN AGOSTINELLI,** | * | |
| | * | |
| **Plaintiffs,** | | |
| | * | **Case No. 10-294** |
| **v.** | | |
| | * | **(Formerly in the Circuit Court of Baldwin** |
| **FIFTH THIRD BANK, d/b/a FIFTH** | | **County, Alabama Case No. CV-2010-900231-** |
| **THIRD MORTGAGE COMPANY,** | * | **CCP)** |
| | | |
| **Defendant.** | * | |

### ANSWER AND COUNTERCLAIM

COMES NOW Defendant Fifth Third Bank ("Fifth Third" or "FTB") and answers

Plaintiffs' Verified Complaint and Petition for Injunctive Relief as follows:

### Summary of Claims

Defendant objects to Plaintiffs' "Summary of Claims" as inconsistent with pleading rules

and local practice, and Defendant denies each and every allegation of wrongdoing against it

contained within the summary and demands strict proof thereof.

### Parties

1.      Upon information and belief, admitted.

2.      Admitted.

### Facts

3.      Defendant lacks sufficient information to form a response to this paragraph and,

therefore, denies the same and demands strict proof thereof.

4.      The loan and mortgage documents speak for themselves, but, upon information

and belief, admitted.

5.    Defendant cannot respond to the allegations of this paragraph, as Defendant cannot tell what "amounts" are referenced in the allegations; therefore, Defendant denies the allegations of this paragraph and demands strict proof thereof. However, the documents relating to the loan, mortgage, and closing speak for themselves.

6.    The amount of the total monthly payment has changed at times during the loan history, but admitted that $5,824.17 was the total monthly payment amount for several months within the history of the loan.

7.    Defendant admits that Plaintiffs asked Defendant to cancel the escrow, that Defendant agreed to cancel the escrow, and that the amount due each month subsequently to changed to $5,097.02 for a period of time. All other allegations and implications of this paragraph are denied to the extent that they allege any wrongdoing by Defendant.

8.    Admitted that payments were made by Plaintiffs for several months in the amount of $6,000.00, and these payments of $6,000.00 ended in June of 2009 when Plaintiffs tendered payment of $5,100.00. Defendant lacks sufficient information to form a response as to the "expectation" of the Plaintiffs with regard to application of this amount to principal, and therefore denies the same. All other allegations of this paragraph are denied.

9.    Any such correspondence speaks for itself, but, upon information and belief, admitted that Defendant sent correspondence indicating that Plaintiffs' payment for June 2009 was insufficient. All other allegations of this paragraph are denied.

10.   Defendant lacks sufficient information at this time to form a response as to the allegations of Paragraph 10 and, therefore, denies the same and demands strict proof thereof.

2

11.     Defendant lacks sufficient information at this time to form a response as to the allegations of Paragraph 11 and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

12.     Admitted that Plaintiffs made timely payments in June and July 2009; however, the payments were insufficient according to Defendant's records.

13.     Defendant lacks sufficient information at this time to respond to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

14.     Admitted that the August 2009 payment was timely.

15.     Defendant lacks sufficient information to form a response as to what notices were "received" by Plaintiffs and, therefore, denies these allegations and demands strict proof thereof. However, any such notices would speak for themselves.

16.     Defendant lacks sufficient information at this time to respond to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. To the extent that this paragraph alleges any wrongdoing by Defendant, the same is expressly denied.

17.     Defendant lacks sufficient information to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

18.     Defendant lacks sufficient information to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

19.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

3

{B1172380}

20.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

21.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.  However, any such correspondence would speak for itself.

22.     This correspondence speaks for itself, but, upon information and belief, admitted.

23.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

24.     Admitted that letters were sent on the referenced dates and that those letters speak for themselves.

25.     Admitted that a timely payment was received, but it was insufficient to bring the account current.

26.     Defendant lacks sufficient information to form a response as to the allegations of this Paragraph and, therefore, denies the same and demands strict proof thereof.

27.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.  However, any such letter would speak for itself.

28.     This letter speaks for itself, but upon information and belief, admitted.

29.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.  However, any such correspondence would speak for itself.

30.     Admitted that Defendant received a payment for December, 2009; however, the payment was insufficient to bring the account current.

4

{B1172380}

31.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

32.     Denied to the extent that this paragraph alleges any wrongdoing against Defendant. Defendant lacks sufficient information to form a response as to the remaining allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

33.     Defendant lacks sufficient information to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such letter would speak for itself.

34.     This letter speaks for itself, but upon information and belief, admitted.

35.     Defendant lacks sufficient information to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

36.     Defendant lacks sufficient information to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

37.     Admitted that payment was made; however, the payment was insufficient to bring the account current.

38.     Defendant lacks sufficient information to form a response at this time to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such notice would speak for itself.

Count I

(Breach of Mortgage Agreement)

39.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

5

40.    Denied.

41.    Denied.

## Count II

## (Breach of Fiduciary Duty)

42.    Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

43.    Denied.

44.    Denied.

## Count III

## (Negligence)

45.    Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

46.    Denied.

47.    Denied.

48.    Denied.

## Count IV

## (Wantonness)

49.    Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

50.    Denied.

51.    Denied.

52.    Denied.

{B1172380}

## Count V

### (Wrongful Foreclosure)

53.   Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

54.   Denied.

## Count VI

### (Defamation)

55.   Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

56.   Denied.

## Count VII

### (Request for Injunctive and Declaratory Relief)

57.   Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

58.   Denied.

59.   Denied.

60.   Denied.

61.   Denied.

62.   This paragraph does not require a response from this Defendant; however, Defendant denies that Plaintiffs are entitled to any of the relief requested.

## Count VIII

### (Slander/Defamation)

7

63.    Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

64.    Denied.

65.    Denied.

66.    Denied.

## FIRST DEFENSE

Defendant denies each and every material allegation of wrongdoing in the Complaint and demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails, in whole or in part,  to state a claim upon which relief can be granted.

## THIRD DEFENSE

Your pleader denies it proximately caused the damages complained of in the Complaint.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in part, by applicable statute(s) of limitations.

## FIFTH DEFENSE

Defendant did not breach any duty owed to Plaintiffs.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## SEVENTH DEFENSE

Defendant pleads contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

Conditions precedent relative to the right to maintain this action have not been met.

8

{B1172380}

## NINTH DEFENSE

Defendant pleads lack of privity.

## TENTH DEFENSE

Plaintiffs' damages were caused by an independent, intervening cause outside of any act attributable to this Defendant.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of preemption.

## TWELFTH DEFENSE

Defendant complied with all applicable statutes and regulations.

## THIRTEENTH DEFENSE

Defendant pleads waiver, estoppel, and laches.

## FOURTEENTH DEFENSE

Conditions precedent relative to the right to maintain this action have not been met.

## FIFTEENTH DEFENSE

Defendant took no reckless or intentional act towards Plaintiffs, never intended to harm Plaintiffs, and took no acts to create any reasonable fear in the minds of Plaintiffs.

{B1172380}

## SIXTEENTH DEFENSE

Defendant took no act that recklessly disregarded the safety or rights of Plaintiffs and took no acts knowing that injury was likely to occur to Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' claims for injunctive relief are improper because there is an adequate remedy at law.

## EIGHTEENTH DEFENSE

Plaintiffs' claims for injunctive relief are improper because there is no real or imminent threat of a tort being committed against Plaintiffs.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred by judicial and/or equitable estoppel.

## TWENTIETH DEFENSE

Defendant pleads all defenses available to it under Alabama's version of the UCC.

## TWENTY-FIRST DEFENSE

Defendant denies that Plaintiffs are entitled to any damages, whatsoever.

## TWENTY-SECOND DEFENSE

Defendant specifically pleads that it is entitled to a setoff or offset in this matter.

## TWENTY-THIRD DEFENSE

As to each and every material allegation contained in Plaintiffs' Complaint, separately and severally, Defendant pleads not guilty.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

10

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred or precluded by the economic loss doctrine.

## TWENTY-SIXTH DEFENSE

Defendant pleads all defenses afforded it under the applicable mortgage agreement.

## TWENTY-SEVENTH DEFENSE

Defendant was not in a fiduciary relationship with Plaintiffs.

## TWENTY-EIGHTH DEFENSE

Some or all of Plaintiffs' claims and causes of action asserted against this Defendant are barred, in whole or in part, by the doctrine of unjust enrichment.

## TWENTY-NINTH DEFENSE

Plaintiffs cannot prove each and every element necessary to support their claims against this Defendant.

## THIRTIETH DEFENSE

Some or all Plaintiffs' claims and causes of action asserted against this Defendant are barred, in whole or in part, by the terms and conditions of the agreement at issue.

## THIRTY-FIRST DEFENSE

Defendant complied with all applicable provisions of the agreement at issue.

## THIRTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages against this Defendant cannot be upheld to the extent that it is a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

{B1172380}

## THIRTY-THIRD DEFENSE

At all times relevant, this Defendant acted in good faith and without malice or intent to injure Plaintiff.

## THIRTY-FOURTH DEFENSE

Defendant denies any liability on the basis of agency and/or respondeat superior for those acts or omissions alleged in the Complaint.

## THIRTY-FIFTH DEFENSE

Defendant has made no false statements regarding Plaintiffs.

## THIRTY-SIXTH DEFENSE

Defendant pleads qualified privilege.

## THIRTY-SEVENTH DEFENSE

Defendant acted in accordance with the contract and all applicable law.

## THIRTY-EIGHTH DEFENSE

The invitation for a trier of fact to impose liability for punitive damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny  due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

## THIRTY-NINTH DEFENSE

The claims alleged for punitive damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

12

## FORTIETH DEFENSE

The imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.      The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

B.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrong doing.

C.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of award.

D.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

E.      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

F.      The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

13

{B1172380}

H.     The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

I.     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

J.     An award of punitive damages would constitute an arbitrary and capricious taking of property without due process of law.

### FORTY-FIRST DEFENSE

Imposition of punitive damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### FORTY-SECOND DEFENSE

All defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in the case styled *BMW of North America, Inc., v. Gore*, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1997) are hereby adopted.

### FORTY-THIRD DEFENSE

Any statutory cap on damages enacted at present or subsequent to the filing of this pleading is hereby adopted and asserted.

### FORTY-FOURTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of § 6-11-21, *Alabama Code (1975).*

14

{B1172380}

### FORTY-FIFTH DEFENSE

The holding of *Henderson v. Alabama Power Co.,* 627 So.2d 878 (Ala. 1993) is due to be overruled for each and every reason set forth in the special concurrences in *Goodyear Tire & Rubber Co. v. Vinson*, 749 So.2d 393 (Ala. 1999), and supporting authorities therein, which are adopted by reference as if fully set out herein.

### FORTY-SIXTH DEFENSE

The doctrine of revival dictates that upon the overruling of *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), the $250,000.00 cap provided by §6-11-21, *Alabama Code (1975)*, is applicable to this case which was filed after §6-11-21 was enacted.

### FORTY-SEVENTH DEFENSE

The provisions of Alabama law governing the right to recover punitive damages, the determination of the amount of punitive damages, and the procedures pursuant to which punitive damages are awarded – specifically the manner in which Alabama juries are instructed to fix an amount of punitive damages coupled with Alabama's vague and non-specific judicial review criteria for reviewing punitive damages jury verdicts – fail to promote systemic consistency in punishing similar wrongdoing similarly, fail to address the stark unpredictability of punitive awards, and fail to protect Defendants against arbitrary punitive awards. *See Exxon v. Baker*, 554 U.S. ___, 2008 WL 2511219 at *17-18 (June 25, 2008) (citing Alabama's punitive damages scheme as an example which leaves the Court "skeptical that verbal formulations, superimposed on general jury instructions, are the best insurance against unpredictable outliers [of punitive awards]" and stating that "although judges in the States that take this approach may well produce just results by dint of valiant effort, our experience with attempts to produce consistency in the

15

{B1172380}

analogous business of criminal sentencing leaves us doubtful that anything but a quantified approach will work"). For these reasons, Alabama's punitive damages scheme violates the Due Process and Equal Protection Clauses of both the United States and Alabama Constitutions.

## FORTY-EIGHTH DEFENSE

The provisions of Alabama law governing the right to recover punitive damages, the determination of the amount of punitive damages, and the procedures pursuant to which punitive damages are awarded lack guidelines corresponding to federal and state criminal sentencing guidelines; therefore, "it is inevitable that the specific amount of punitive damages awarded whether by a judge or jury will be arbitrary." *See Exxon v. Baker*, 554 U.S. ___, 2008 WL 2511219 at *18 (June 25, 2008). For this reason, Alabama's punitive damages scheme violates the Due Process and Equal Protection Clauses of both the United States and Alabama Constitutions.

## FORTY-NINTH DEFENSE

The invitation for a trier of fact to impose liability for mental anguish damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

## FIFTIETH DEFENSE

The claims relating to mental anguish damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama

## FIFTY-FIRST DEFENSE

The imposition of mental anguish damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the

16

Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.     The procedures pursuant to which mental anguish damages are awarded permit the award of mental anguish damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

B.     The procedures pursuant to which mental anguish damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrong doing.

C.     The procedures pursuant to which mental anguish damages are awarded fail to provide a reasonable limit on the amount of award.

D.     The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the award of mental anguish damages.

E.     The procedures pursuant to which mental anguish damages are awarded are unconstitutionally vague.

F.     The procedures pursuant to which mental anguish damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.     The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the amount of mental anguish damages.

H.     The procedures pursuant to which mental anguish damages are awarded fail to provide a clear appellate standard of review of an award of mental anguish damages.

I.     The procedures pursuant to which mental anguish damages are awarded may permit the admission of evidence relative to mental anguish damages in the same proceedings during which liability and compensatory damages are determined.

17

J.      An award of mental anguish damages would constitute an arbitrary and capricious taking of property without due process of law.

## FIFTY-SECOND DEFENSE

Imposition of mental anguish damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## FIFTY-THIRD DEFENSE

All affirmative defenses as itemized in Rules 8 and 12 of the Alabama Rules of Civil Procedure or that may otherwise be applicable are hereby incorporated as if fully set forth herein. In the event of further investigation or discovery reveals the applicability of any such defenses or other defenses, the right to plead such affirmative defenses as may be appropriate in this case is hereby reserved. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

## COUNTERCLAIM

COMES NOW Fifth-Third Bank, Inc. ("Fifth Third" or "FTB"), and hereby files its Counterclaim against Edward and Joann Agostinelli ("Counterclaim Defendants") to allege the following:

## PARTIES

1.      Counterclaim Defendants are, and were at all pertinent times, citizens and residents of Baldwin County, Alabama.

2.      Fifth Third is an Ohio corporation, with its principal place of business located in the State of Ohio, which was at all pertinent times doing business in Alabama.

18

{B1172380}

## JURISDICTION

3.      This Court has jurisdiction of this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## COUNT ONE

## (BREACH OF CONTRACT AND MORTGAGE AGREEMENT)

4.      Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

5.      Fifth Third and Counterclaim Defendants entered into a loan and mortgage transaction wherein Fifth Third lent Counterclaim Defendants money in exchange for Counterclaim Defendants' agreement to re-pay the money, with interest, on a monthly basis.

6.      Fifth Third performed its portion of the agreement; however, Counterclaim Defendants have failed to make payments in accordance with the terms of the agreement.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counterclaim Defendants, and any and all other relief afforded it under the agreement or by law.

## COUNT TWO

## (ACCOUNT STATED)

7.      Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

8.      Fifth Third has provided Counterclaim Defendants with statements of the account between the parties, which are due on receipt.

19

9.    There was a meeting of the minds as to the correctness of the account and Counterclaim Defendants have accepted the amount as correct, as Counterclaim Defendants did not object to the amount due on the account.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counterclaim Defendants, and any and all other relief afforded it under contract or by law.

## COUNT THREE

## (OPEN ACCOUNT)

10.    Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

11.    Counterclaim Defendants owe Fifth Third money on an open account.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counterclaim Defendants, and any and all other relief or remedies afforded it under contract or by law.

## COUNT FOUR

## (UNJUST ENRICHMENT)

12.    Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

13.    Due to Counterclaim Defendants' failure to pay Fifth Third in accordance with the terms of the above-referenced agreements, Counterclaim Defendants are in possession of money or proceeds that in equity and good conscience belong to Fifth Third.

20

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and

attorney's fees against Counterclaim Defendants, and any and all other relief and remedies

afforded it under contract or by law.


**FIFTH THIRD DEMANDS TRIAL BY JURY ON ALL CLAIMS SET FORTH HEREIN.**

s/M. _Warren Butler_
M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Fifth Third Bank
Starnes Davis Florie LLP
RSA Battle House Tower, Suite 20290
P. O. Box 1548
Mobile, AL   36633-1548
Phone:  (251) 405-5065
Fax:  (251) 433-5901
E-mail:   wbutler@starneslaw.com
E-mail:   sstevens@starneslaw.com

21

{B1172380}

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the _14TH_ day of _June_, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Kenneth J. Riemer, Esq.
P. O. Box 1206
Mobile, AL   36633

Earl P. Underwood Jr., Esq.
21 S. Section Street
Fairhope, AL   36532

and I hereby certify that I have mailed by United States Postal Service the document to the following non-efile participants:

Troy King, Esquire
Attorney General
Room 310, State House
11 South Union Street
Montgomery, AL   36130

s/M. Warren Butler
M. WARREN BUTLER
BUTLM3190

22

{B1172380}