## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD AGOSTINELLI and JOANN AGOSTINELLI,** | * | |
| | * | |
| **Plaintiffs/Counter-Claim Defendants,** | * | **Case No. 1:10-cv-00294-CG-B** |
| | * | |
| **v.** | * | |
| **FIFTH THIRD BANK, d/b/a FIFTH THIRD MORTGAGE COMPANY, et al.,** | * | |
| | * | |
| **Defendants/Counter-Claimants/Cross-Claimants,** | * | |
| | * | |
| **v.** | * | |
| **TRACKSURE INSURANCE AGENCY, INC., A DIVISION OF ASSURANT, INC.** | * | |
| | * | |
| **Cross-Claim Defendants.** | * | |

## FIFTH THIRD BANK'S AMENDED ANSWER TO AMENDED COMPLAINT AND FIFTH THIRD BANK'S COUNTER-CLAIM AND CROSS-CLAIM

COMES NOW Defendant Fifth Third Bank ("Fifth Third"), and pursuant to FED. R. CIV. P. 15(a)(1)(A), hereby amends its Answer to the Amended Complaint, to add a Cross-Claim so that its Amended Answer to Amended Complaint and its Counter-Claim and Cross-Claim state as follows:

## ANSWER

### Summary of Claims

Defendant objects to Plaintiffs' Summary of Claims as inconsistent with pleading rules and local practice, and Defendant denies each and every allegation of wrongdoing against it contained within the summary and demands strict proof thereof.

## Parties

1.      Upon information and belief, admitted.

2.      Admitted.

3.      Upon information and belief, admitted.

4.      Defendant lacks sufficient information to form a response as to the allegations of this paragraph at this time and, therefore, denies the same and demands strict proof thereof.

5.      Defendant lacks sufficient information to form a response as to the allegations of this paragraph at this time and, therefore, denies the same and demands strict proof thereof.

6.      Defendant lacks sufficient information to form a response as to the allegations of this paragraph at this time and, therefore, denies the same and demands strict proof thereof.

7.      Defendant lacks sufficient information to form a response as to the allegations of this paragraph at this time and, therefore, denies the same and demands strict proof thereof.

## Facts

8.      Other than Plaintiff's residency, Defendant lacks sufficient information to form a response as to the allegations of this paragraph at this time and, therefore, denies the same and demands strict proof thereof.

9.      The loan and mortgage documents speak for themselves, but, upon information and belief, admitted.

10.     Defendant cannot respond to the allegations of this paragraph, as Defendant cannot tell what "amounts" are referenced in the allegations; therefore, Defendant denies the allegations of this paragraph and demands strict proof thereof.  However, the documents relating to the loan, mortgage, and closing speak for themselves.

11.     The amount of the total monthly payment has changed at times during the loan history, but admitted that $5,824.17 was the total monthly payment amount for several months within the history of the loan.

2

12.     Defendant admits that Plaintiffs asked Defendant to cancel the escrow, that Defendant agreed to cancel the escrow, and that the amount due each month subsequently changed to $5,097.02 for a period of time.  All other allegations and implications of this paragraph are denied to the extent that they allege any wrongdoing by this Defendant.

13.     Admitted that Fifth Third contracted with Assurant to assure that timely payments were made for insurance premiums regarding flood policies with Fifth Third's clients, and that Assurant had the responsibility to pay the premium on Plaintiffs' flood policy.  Fifth Third denies that it is jointly or severally liable to Plaintiffs for any damages caused, and at this time denies each and every other allegation and implication of this paragraph.

14.     Admitted that payments were made by Plaintiffs for several months in the amount of $6,000.00 and these payments of $6,000.00 ended in June of 2009 when Plaintiffs tendered payment of $5,100.00.  Defendant lacks sufficient information to form a response as to the "expectation" of the Plaintiffs with regard to application of this amount to principal, and therefore, denies the same.  All other allegations or implications of this paragraph are denied.

15.     Any such correspondence speaks for itself, but, upon information and belief, admitted that Defendant sent correspondence indicating that Plaintiffs' payment during said time period was insufficient.  All other allegations of this paragraph are denied.

16.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

17.     Defendant lacks sufficient information at this time to form a response as to what notices were "received" by Plaintiffs and, therefore, denies these allegations and demands strict proof thereof.  However, any such notice would speak for itself.

18.     Admitted that Plaintiffs made timely payments in June and July 2009; however, the remaining allegations and implications of this paragraph are denied.

19.     Any such correspondence speaks for itself, but, upon information and belief, admitted that Defendant sent correspondence indicating that the amount was past due. All other allegations of this paragraph are denied.

20.     Admitted that the August 2009 payment was timely, but any remaining allegations and implications of this paragraph are denied.

21.     Defendant lacks sufficient information at this time to form a response as to what notices were "received" by Plaintiffs and, therefore, denies these allegations and demands strict proof thereof. However, any such notices would speak for themselves.

22.     Defendant lacks sufficient information at this time to respond to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. To the extent that this paragraph alleges any wrongdoing by Defendant, the same is expressly denied.

23.     Defendant lacks sufficient information at this time to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

24.     Defendant lacks sufficient information at this time to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

25.     Any such correspondence speaks for itself, but, upon information and belief, admitted that correspondence was sent on the referenced date in response to the credit dispute. All other allegations and implications of this paragraph are denied, including Plaintiffs' misstatement of the content of the letter, as framed in this allegation.

4

{B1231221}

26.     Any such correspondence would speak for itself, but, upon information and belief, Defendant issued the subject check during the referenced time period. Defendant lacks sufficient information at this time to form a response as to any remaining allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

27.     Any such correspondence speaks for itself. All other allegations and implications of this paragraph are denied.

28.     Any such correspondence speaks for itself, but, upon information and belief, admitted.

29.     Upon information and belief, admitted that the check was sent to Plaintiffs on the referenced date. Defendant denies each and every other allegation of this paragraph and demands strict proof thereof.

30.     Admitted that letters were sent on or about the referenced dates, and those letters speak for themselves.

31.     Admitted that a timely payment was received, but any remaining allegations and implications of this paragraph are denied.

32.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

33.     Any such correspondence speaks for itself, but, upon information and belief, admitted.

34.     This letter speaks for itself, but upon information and belief, admitted.

35.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof. However, any such correspondence would speak for itself.

{B1231221}

36.     Admitted that Defendant received a payment for December, 2009; however, any remaining allegations and implications of this paragraph are denied.

37.     Any such correspondence speaks for itself, but, upon information and belief, admitted.

38.     Denied to the extent that this paragraph alleges any wrongdoing against Defendant. Defendant lacks sufficient information at this time to form a response as to the remaining allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

39.     Any such correspondence speaks for itself, but, upon information and belief, admitted that correspondence was sent on or about the referenced date. Defendant denies all other allegations of this paragraph and demands strict proof thereof.

40.     This letter speaks for itself, but upon information and belief, admitted that the referenced correspondence was sent. Defendant denies this allegation, however, to the extent that it misstates the content of the letter.

41.     Defendant lacks sufficient information at this time to form a response to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

42.     Any such correspondence would speak for itself, but, upon information and belief, Defendant issued the subject check during the referenced time period. Defendant lacks sufficient information at this time to form a response as to any remaining allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

43.     Admitted that payment was made; however, any other allegations and implications of this paragraph are denied.

{B1231221}

44.     Defendant lacks sufficient information at this time to form a response as to what notices were "received" by Plaintiffs and, therefore, denies these allegations and demands strict proof thereof. However, any such notice would speak for itself.

45.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph, and therefore, denies the same and demands strict proof thereof. The cited regulations speak for themselves.

## Count I
### (Breach of Mortgage Agreement)

46.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

47.     Denied.

48.     Denied.

## Count II
### (Breach of Fiduciary Duty)

49.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

50.     Denied.

51.     Denied.

## Count III
### (Negligence)

52.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

53.     Denied.

54.     Denied.

55.     Denied.

7

## Court IV
## (Wantonness)

56.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

57.     Denied.

58.     Denied.

59.     Denied.

## Count V
## (Wrongful Foreclosure)

60.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

61.     Denied.

## Count VI
## (Defamation)

62.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

63.     Denied.

## Count VII
## (FCRA Violations by FTB)

64.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

65.     Defendant admits that Plaintiff alleges violations of the FCRA, but denies that Plaintiff is entitled to the relief requested, or that this Defendant is responsible for any FCRA violations.

8

{B1231221}

66.     Admitted that Defendant FTB furnishes credit information to credit reporting agencies.  Defendant denies any and all other allegations or implications of this paragraph.

67.     Denied.

68.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph, and therefore, denies the same and demands strict proof thereof.

69.     Denied.

70.     Denied.

71.     Denied, including each and every subpart.

72.     Denied.

73.     Denied.

74.     Denied.

## Count VIII
### (Violation of RESPA)

75.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

76.     Defendant cannot tell what Plaintiff means by "servicer" of Plaintiffs' mortgage and, therefore, denies this allegation and demands strict proof thereof.

77.     Admitted.

78.     Denied.

79.     Denied.

## Count IX
### (FCRA Violations by Experian)

80.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

9

{B1231221}

81.     Admitted that this count alleges violation of the FCRA, but denied as to any wrongdoing by this Defendant.

82.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

83.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

84.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

85.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

86.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

87.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

88.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

89.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

90.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

### Count X
### (FCRA Violations by Transunion)

91.     Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

10

{B1231221}

92.     Admitted that this count alleges violation of the FCRA, but denied that this Defendant is guilty of any wrongdoing under that statute.

93.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

94.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

95.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

96.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

97.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

98.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

99.     Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

100.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

101.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

## Count XI
### (FCRA Violations by Equifax)

102.    Defendant adopts and incorporates its responses to the above paragraphs as if set forth more fully herein.

11

{B1231221}

103.    Admitted that this count alleges violation of the FCRA, but denied as to any wrongdoing by this Defendant.

104.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

105.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

106.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

107.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

108.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

109.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

110.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

111.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

112.    Defendant lacks sufficient information at this time to form a response as to the allegations of this paragraph and, therefore, denies the same and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

{B1231221}

Defendant denies each and every material allegation of wrongdoing alleged against it in

the Complaint and demands strict proof thereof.

## SECOND DEFENSE

The Complaint fails, in whole or in part,  to state a claim upon which relief can be

granted against this Defendant.

## THIRD DEFENSE

Defendant denies it proximately caused the damages complained of in the Complaint.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in part, by applicable statute(s) of limitations.

## FIFTH DEFENSE

Defendant did not breach any duty owed to Plaintiffs.

## SIXTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## SEVENTH DEFENSE

Defendant pleads contributory negligence and assumption of the risk.

## EIGHTH DEFENSE

Conditions precedent relative to the right to maintain this action have not been met.

## NINTH DEFENSE

Some or all of Plaintiffs' claims and causes of action against Defendant are barred, in

whole or in part, by the doctrine of consent and acquiescence.

## TENTH DEFENSE

Plaintiffs' alleged damages were caused by an independent, intervening cause outside of

any act attributable to this Defendant.

{B1231221}

## ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption.

## TWELFTH DEFENSE

Defendant complied with all applicable statutes and regulations.

## THIRTEENTH DEFENSE

Defendant pleads waiver, estoppel, and laches.

## FOURTEENTH DEFENSE

Some or all of Plaintiffs' claims and causes of action against Defendant are barred, in whole or in part, by the voluntary payment doctrine.

## FIFTEENTH DEFENSE

Defendant took no reckless or intentional act towards Plaintiffs, never intended to harm Plaintiffs, and took no acts to create any reasonable fear in the minds of Plaintiffs.

## SIXTEENTH DEFENSE

Defendant took no act that recklessly disregarded the safety or rights of Plaintiffs and took no acts knowing that injury was likely to occur to Plaintiffs.

## SEVENTEENTH DEFENSE

Defendant pleads all defenses available to it under Alabama's version of the UCC.

## EIGHTEENTH DEFENSE

Defendant denies that Plaintiffs are entitled to any damages, whatsoever.

## NINETEENTH DEFENSE

Defendant pleads setoff and offset.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred or precluded by the economic loss doctrine.

14

{B1231221}

## TWENTY-FIRST DEFENSE

Defendant pleads all defenses afforded it under the applicable mortgage agreement.

## TWENTY-SECOND DEFENSE

Defendant was not in a fiduciary relationship with Plaintiffs.

## TWENTY-THIRD DEFENSE

Plaintiffs cannot prove each and every element necessary to support their claims against this Defendant.

## TWENTY-FOURTH DEFENSE

Some or all Plaintiffs' claims and causes of action asserted against this Defendant are barred, in whole or in part, by the terms and conditions of the agreement at issue.

## TWENTY-FIFTH DEFENSE

Defendant complied with all applicable provisions of the agreement at issue.

## TWENTY-SIXTH DEFENSE

At all times relevant, this Defendant acted in good faith and without malice or intent to injure Plaintiffs.

## TWENTY-SEVENTH DEFENSE

Defendant denies any liability on the basis of agency and/or respondeat superior for those acts or omissions alleged in the Complaint.

## TWENTY-EIGHTH DEFENSE

Defendant has made no false statements regarding Plaintiffs.

## TWENTY-NINTH DEFENSE

Defendant pleads privilege and qualified privilege.

{B1231221}

## THIRTIETH DEFENSE

Defendant acted in accordance with the contract and all applicable law.

## THIRTY-FIRST DEFENSE

Plaintiffs' claim for punitive damages against this Defendant cannot be upheld to the extent that it is a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## THIRTY-SECOND DEFENSE

The invitation for a trier of fact to impose liability for punitive damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

## THIRTY-THIRD DEFENSE

The claims alleged for punitive damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

## THIRTY-FOURTH DEFENSE

The imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.     The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

16

B.     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing.

C.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of award.

D.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

E.     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

F.     The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

H.     The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

I.     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

J.     An award of punitive damages would constitute an arbitrary and capricious taking of property without due process of law.

17

{B1231221}

## THIRTY-FIFTH DEFENSE

Imposition of punitive damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## THIRTY-SIXTH DEFENSE

All defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in the case styled *BMW of North America, Inc., v. Gore*, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1997) are hereby adopted.

## THIRTY-SEVENTH DEFENSE

Any statutory cap on damages enacted at present or subsequent to the filing of this pleading is hereby adopted and asserted.

## THIRTY-EIGHTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of § 6-11-21, *Alabama Code (1975)*.

## THIRTY-NINTH DEFENSE

The holding of *Henderson v. Alabama Power Co.,* 627 So.2d 878 (Ala. 1993) is due to be overruled for each and every reason set forth in the special concurrences in *Goodyear Tire & Rubber Co. v. Vinson*, 749 So.2d 393 (Ala. 1999), and supporting authorities therein, which are adopted by reference as if fully set out herein.

{B1231221}

### FORTIETH DEFENSE

The doctrine of revival dictates that upon the overruling of *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), the $250,000.00 cap provided by §6-11-21, *Alabama Code (1975)*, is applicable to this case which was filed after §6-11-21 was enacted.

### FORTY-FIRST DEFENSE

The provisions of Alabama law governing the right to recover punitive damages, the determination of the amount of punitive damages, and the procedures pursuant to which punitive damages are awarded – specifically the manner in which Alabama juries are instructed to fix an amount of punitive damages coupled with Alabama's vague and non-specific judicial review criteria for reviewing punitive damages jury verdicts – fail to promote systemic consistency in punishing similar wrongdoing similarly, fail to address the stark unpredictability of punitive awards, and fail to protect Defendants against arbitrary punitive awards. *See Exxon v. Baker*, 554 U.S. ___, 2008 WL 2511219 at *17-18 (June 25, 2008) (citing Alabama's punitive damages scheme as an example which leaves the Court "skeptical that verbal formulations, superimposed on general jury instructions, are the best insurance against unpredictable outliers [of punitive awards]" and stating that "although judges in the States that take this approach may well produce just results by dint of valiant effort, our experience with attempts to produce consistency in the analogous  business of criminal sentencing leaves us doubtful that anything but a quantified approach will work").  For these reasons, Alabama's punitive damages scheme violates the Due Process and Equal Protection Clauses of both the United States and Alabama Constitutions.

### FORTY-SECOND DEFENSE

The provisions of Alabama law governing the right to recover punitive damages, the determination of the amount of punitive damages, and the procedures pursuant to which punitive

19

damages are awarded lack guidelines corresponding to federal and state criminal sentencing guidelines; therefore, "it is inevitable that the specific amount of punitive damages awarded whether by a judge or jury will be arbitrary." *See Exxon v. Baker*, 554 U.S. ___, 2008 WL 2511219 at *18 (June 25, 2008). For this reason, Alabama's punitive damages scheme violates the Due Process and Equal Protection Clauses of both the United States and Alabama Constitutions.

## FORTY-THIRD DEFENSE

The invitation for a trier of fact to impose liability for mental anguish damages, without guidelines or standards for determination of the amount or proper circumstances for such an award, would deny due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

## FORTY-FOURTH DEFENSE

The claims relating to mental anguish damages are barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama

## FORTY-FIFTH DEFENSE

The imposition of mental anguish damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

A.     The procedures pursuant to which mental anguish damages are awarded permit the award of mental anguish damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

20

B.     The procedures pursuant to which mental anguish damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrong doing.

C.     The procedures pursuant to which mental anguish damages are awarded fail to provide a reasonable limit on the amount of award.

D.     The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the award of mental anguish damages.

E.     The procedures pursuant to which mental anguish damages are awarded are unconstitutionally vague.

F.     The procedures pursuant to which mental anguish damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

G.     The procedures pursuant to which mental anguish damages are awarded fail to provide specific standards for the amount of mental anguish damages.

H.     The procedures pursuant to which mental anguish damages are awarded fail to provide a clear appellate standard of review of an award of mental anguish damages.

I.     The procedures pursuant to which mental anguish damages are awarded may permit the admission of evidence relative to mental anguish damages in the same proceedings during which liability and compensatory damages are determined.

J.     An award of mental anguish damages would constitute an arbitrary and capricious taking of property without due process of law.

{B1231221}

## FORTY-SIXTH DEFENSE

Imposition of mental anguish damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## FORTY-SEVENTH DEFENSE

All affirmative defenses as itemized in Rules 8 and 12 of the *Federal Rules of Civil Procedure* or that may otherwise be applicable are hereby incorporated as if fully set forth herein. In the event of further investigation or discovery reveals the applicability of any such defenses or other defenses, the right to plead such affirmative defenses as may be appropriate in this case is hereby reserved. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

## FORTY-EIGHTH DEFENSE

Some or all of Plaintiffs' claims and causes of action against Defendant are barred and/or preempted, in whole or in part, by applicable federal law, including the FCRA and the RESPA.

## FORTY-NINTH DEFENSE

Defendant pleads justification and qualified justification.

## FIFTIETH DEFENSE

Defendant pleads truth of any statements allegedly made.

## FIFTY-FIRST DEFENSE

At all times, Defendant acted in good faith and without malice or intent to injure the Plaintiff.

{B1231221}

## FIFTY-SECOND DEFENSE

At all times, Defendant acted in a reasonable manner in connection with the transactions at issue.

## FIFTY-THIRD DEFENSE

At all times, Defendant acted in accord with reasonable commercial standards.

## FIFTY-FOURTH DEFENSE

Any inaccurate information allegedly furnished, reported, or transmitted by this Defendant concerning the Plaintiffs, was done so without knowledge as to the alleged inaccuracy of the information and without reckless disregard as to whether the information was accurate.

## FIFTY-FIFTH DEFENSE

Any information allegedly furnished, reported, or transmitted by this Defendant concerning the Plaintiffs, was done so without reasonable cause to believe that the information was inaccurate.

## FIFTY-SIXTH DEFENSE

Any investigations conducted in response to any alleged dispute notices were conducted in a reasonable manner by this Defendant.

## FIFTY-SEVENTH DEFENSE

Defendant has not willfully or maliciously furnished, reported, or transmitted any false, inaccurate, incomplete, or improper information with respect to the Plaintiffs.

## FIFTY-EIGHTH DEFENSE

Defendant pleads any and all defenses available to it under the RESPA, including any applicable damages limitations.

23

{B1231221}

## FIFTY-NINTH DEFENSE

Defendant pleads any and all defenses available to it under the FCRA, including any applicable damages limitations.

## SIXTIETH DEFENSE

Plaintiffs' FCRA claim is precluded by lack of notice of dispute from a credit reporting agency.

## SIXTY-FIRST DEFENSE

Some or all of Plaintiffs' claims and causes of action against Defendant are barred, in whole or in part, as any alleged violation of law was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTY-SECOND DEFENSE

Some or all of Plaintiffs' claims and causes of action against Defendant are barred, in whole or in part, as any alleged violation of law was due to a mistake of law notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTY-THIRD DEFENSE

Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, due to Plaintiffs' default under the subject loan.

## SIXTY-FOURTH DEFENSE

Defendant adopts and incorporates by reference any and all affirmative defenses that have been, or will be, asserted by any other Defendant.

**FIFTH THIRD DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

{B1231221}

## COUNTER-CLAIM

Fifth Third files its Counter-Claim against Edward and Joann Agostinelli ("Counter-Claim Defendants") to allege the following:

## PARTIES

1.      Counter-Claim Defendants are, and were at all pertinent times, citizens and residents of Baldwin County, Alabama.

2.      Fifth Third is an Ohio corporation, with its principal place of business located in the State of Ohio, which was at all pertinent times doing business in Alabama.

## JURISDICTION

3.      This Court has jurisdiction of this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## COUNT ONE

## (BREACH OF CONTRACT AND MORTGAGE AGREEMENT)

4.      Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

5.      Fifth Third and Counter-Claim Defendants entered into a loan and mortgage transaction wherein Fifth Third lent Counter-Claim Defendants money in exchange for Counter-Claim Defendants' agreement to re-pay the money, with interest, on a monthly basis.

6.      Fifth Third performed its portion of the agreement; however, Counter-Claim Defendants have failed to make payments in accordance with the terms of the agreement.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counter-Claim Defendants, and any and all other relief afforded it under the agreement or by law.

25

{B1231221}

## COUNT TWO

## (ACCOUNT STATED)

7.     Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

8.     Fifth Third has provided Counter-Claim Defendants with statements of the account between the parties, which are due on receipt.

9.     There was a meeting of the minds as to the correctness of the account and Counter-Claim Defendants have accepted the amount as correct, as Counter-Claim Defendants did not object to the amount due on the account.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counter-Claim Defendants, and any and all other relief afforded it under contract or by law.

## COUNT THREE

## (OPEN ACCOUNT)

10.     Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

11.     Counter-Claim Defendants owe Fifth Third money on an open account.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counter-Claim Defendants, and any and all other relief or remedies afforded it under contract or by law.

## COUNT FOUR

## (UNJUST ENRICHMENT)

26

{B1231221}

12.     Fifth Third adopts and incorporates each of the preceding allegations as if fully set out herein.

13.     Due to Counter-Claim Defendants' failure to pay Fifth Third in accordance with the terms of the above-referenced agreements, Counter-Claim Defendants are in possession of money or proceeds that in equity and good conscience belong to Fifth Third.

WHEREFORE, Fifth Third demands compensatory damages, plus interest, costs, and attorney's fees against Counter-Claim Defendants, and any and all other relief and remedies afforded it under contract or by law.

**FIFTH THIRD DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

27

{B1231221}

## CROSS-CLAIM

Fifth Third, pursuant to FED. R. CIV. P. 13(g), alleges its cross-claim against co-defendants Tracksure Insurance Agency, Inc. and Assurant, Inc.[1] (collectively "Assurant") as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this Cross-Claim pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists between all Plaintiffs and all Defendants in this case, as set forth more fully in Plaintiffs' Amended Complaint. The amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Moreover, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over all parties by virtue of them residing in this state, conducting business in or with this state, or conducting business in such a manner as to reasonably anticipate that parties within the state will be affected by their actions.

## FACTS

3.      This case arises out of servicing of a real estate mortgage loan that Plaintiffs secured on property located in Baldwin County, Alabama. The Complaint centers around the alleged failure of Fifth Third to pay flood insurance premiums on behalf of Plaintiffs. As a result, insurance was "force-placed" on Plaintiffs' account, which led to discrepancies in the amounts of their monthly payments, and an indication that Plaintiffs were in default under the terms of the mortgage and loan agreements.

---

[1] Assurant's relationship with Tracksure, and its role in this matter, is not entirely clear at this point. However, Assurant is a named Defendant, and Fifth Third wishes to avoid waiver of any claims it may have against Assurant; thus, Fifth Third includes Assurant in its Cross-Claim, pending further discovery on these issues, including whether Assurant is the "alter ego" of Tracksure.

28

4.       Assurant, at all material times, provided insurance tracking and placement services for Fifth Third under an agreement entitled "TrackSure Tracking Services Agreement" (hereinafter "the Agreement"). Under the Agreement, Assurant was responsible for issuing notices and placing coverage under Fifth Third's Master Insurance Policy, including for Fifth Third accounts in the state of Alabama. This included the responsibility of Assurant to pay the flood insurance premiums related to Plaintiffs' account and to notify Fifth Third or the mortgagors of any potential lapse/expiration in the flood insurance policy.

5.       In this case, Assurant failed to pay the flood insurance premium and/or notify Fifth Third of the lapse/expiration of Plaintiffs' flood insurance policy, which caused the insurance to be force-placed. When the insurance was force-placed, Fifth Third was required to withdraw monies out of Plaintiffs' monthly payment, that would normally be deposited against the balance on the loan, to cover the insurance. Fifth Third notified Plaintiffs that this put them in arrears on their monthly payments, and placed Plaintiffs in default under the terms of their mortgage and loan agreement with Fifth Third, leading to a threatened foreclosure.

6.       Under the Agreement between Fifth Third and Assurant, Assurant agreed to indemnify Fifth Third as to any and all liabilities, claims, demands, actions, costs, debts, fines, penalties and direct damages, including reasonable attorney's fees arising out of Assurant's (or its contractor's) performance of its obligations under the Agreement.

7.       Assurant's actions constitute a breach of Assurant's obligations to Fifth Third, as defined in the Agreement, and further constitute a failure to adhere to reasonable and customary origination practices of prudent insurance tracking and service institutions.

{B1231221}

8.     If and to the extent Plaintiffs are awarded damages or any other recovery arising out of the allegations of the Complaint in this case, Fifth Third is entitled to be indemnified for its share of any such award or damages by Assurant.

## CAUSES OF ACTION

### COUNT I

#### Indemnity Pursuant to Contract

9.     Fifth Third adopts and incorporates the allegations advanced in the above paragraphs, as if set forth fully herein.

10.     Pursuant to the allegations advanced in the Complaint, the Plaintiffs seek to hold Fifth Third liable for actions arising out of the failure of Assurant to properly perform its services under the Agreement.

11.     Under the Agreement, Assurant agreed to provide indemnification to Fifth Third for said failure.   Therefore, Assurant is required to indemnify Fifth Third pursuant to the Agreement between the parties.  To date, Assurant has refused to indemnify Fifth Third, despite Fifth Third's demands for indemnification.

WHEREFORE, Fifth Third prays that the Court order any damages awarded against Defendant Fifth Third to be paid or otherwise satisfied by co-defendants Assurant, and that Assurant compensate Fifth Third for its costs, expenses, and attorney's fees.

### COUNT II

#### Indemnity and Contribution Pursuant to Common Law and Equity

12.     Fifth Third adopts and incorporates the allegations advanced in the above paragraphs, as if set forth fully herein.

30

13. Fifth Third trusted and relied upon Assurant to perform its services according to the terms of the Agreement and to adhere to reasonable and customary practices of prudent insurance tracking and service institutions.

14. Assurant failed in these duties, and Fifth Third did not engage in any active wrongdoing, but rather relied upon the services provided by Assurant.

WHEREFORE, Fifth Third seeks indemnification, attorneys' fees and/or contribution from Assurant pursuant to principals of common law and equity. Fifth Third prays that the Court order any damages awarded against Defendant Fifth Third to be paid or otherwise satisfied by co-defendant Assurant.

## COUNT III

### Breach of Contract

15. Fifth Third adopts and incorporates the allegations advanced in the above paragraphs, as if set forth fully herein.

16. Under the Agreement, Assurant was responsible for issuing notices and placing coverage under Fifth Third's Master Insurance Policy. This included the responsibility of Assurant to pay the flood insurance premiums related to Plaintiffs' account and to notify Fifth Third or the mortgagors of any potential lapse/expiration in the flood insurance policy.

17. Assurant failed to comply with its contractual obligations, and Fifth Third has suffered damages as a result.

WHEREFORE, Fifth Third seeks all damages it is entitled to by law for Assurant's breach of contract.

## COUNT IV

### Negligence

31

18.    Fifth Third adopts and incorporates the allegations advanced in the above paragraphs, as if set forth fully herein.

19.    Assurant owed a duty to Fifth Third to perform its services in a reasonable manner.  Assurant negligently performed its services, as set forth more fully above, and Fifth Third has been damaged as a result.

WHEREFORE, Fifth Third seeks all damages it is entitled to by law for the negligent acts of Assurant.

**FIFTH THIRD DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

*s/M. Warren Butler*
M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Fifth Third Bank
Starnes Davis Florie LLP
RSA Battle House Tower, Suite 20290
P. O. Box 1548
Mobile, AL  36633-1548
Phone:  (251) 405-5065
Fax:  (251) 433-5901
E-mail:  wbutler@starneslaw.com
E-mail:  sstevens@starneslaw.com

32

CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 23rd day of ___Nov.___, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Earl P. Underwood, Esq.
21 South Section Street
Fairhope, AL  36532
Counsel for Plaintiffs

Kenneth J. Riemer, Esq.
James D. Patterson, Esq.
P. O. Box 1206
Mobile, AL  36633
Counsel for Plaintiffs

Jennifer M. Busby, Esq.
Burr & Forman, LLP
3100 SouthTrust Tower
420 N. 20th St.
Birmingham, AL  35203
Counsel for Tracksure Insurance Agency, Inc.,
a division of Assurant, Inc.

John P. Browning, Esq.
Burr and Forman, LLP
P. O. Box 2287
Mobile, AL  36652
Counsel for Tracksure Insurance Agency, Inc.,
a division of Assurant, Inc.

Leilus J. Young Jr., Esq.
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL  35243
Counsel for Experian Information Solutions,
Inc.

Matthew W. Robinett, Esq.
Norman, Wood, Kendrick & Turner
2001 third Avenue S., Suite 1500
Birmingham, AL  35233
Counsel for Transunion, LLC

s/M. Warren Butler
M. WARREN BUTLER
BUTLM3190

33

{B1231221}