**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD AND JOANN AGOSTINELLI,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIFTH THIRD BANK, FIFTH THIRD** | ) | |
| **MORTGAGE COMPANY, TRACKSURE** | ) | **CIVIL ACTION NO. CV-10-294-CG-B** |
| **INSURANCE AGENCY, INC., A DIVISION** | ) | |
| **OF ASSURANT, INC.; EQUIFAX** | ) | |
| **INFORMATION SERVICES, INC.;** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS,** | ) | |
| **INC., AND TRANSUNION, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**TRACKSURE INSURANCE AGENCY INC AND ASSURANT, INC.' JOINT MOTION
TO STAY, OR, IN THE ALTERNATE TO DISMISS THE CROSS CLAIM FROM
FIFTH THIRD OR ORDER A MORE DEFINITE STATEMENT**

COMES NOW Cross Claim Defendants, TRACKSURE INSURANCE AGENCY, INC.
("TrackSure") and ASSURANT, INC. ("Assurant") (both collectively referred hereinafter as
Cross Claim Defendants) and submit their motion to stay, or motion to dismiss pursuant to both
Rules 8 & 12(b)(6), Fed.R.Civ.P., or request a more definite statement. In support of this motion,
the Cross Claims Defendants state the following, to-wit:

**Motion to Stay**

1.      On November 23, 2010, allegedly in response to Plaintiffs' Amended Complaint,
Fifth Third filed an Amended Answer, Counterclaim, and Cross Claim against both Assurant and
TrackSure alleging, in part, that Assurant and/or TrackSure owe Fifth Third defense,
indemnification, and contribution arising out of an alleged contractual agreement and the
common law of Alabama.  [Doc. 49].  Prior to the filing of the Cross Claim, Plaintiffs in this

action, Edward and JoAnn Agostinelli, sought to join the Cross Claim Defendants to their original complaint against Fifth Third by alleging, without specificity, that Fifth Third had been arguing that the Cross Claim Defendants were partly to blame for Plaintiffs ails, and, therefore, were "jointly and severally liable" for damages.  [Doc. 23 at ¶ 13].

2.      The Cross Claim Defendants have moved to dismiss the Amended Complaint. [Docs. 34, 35, 36, 37]. Plaintiffs responded, and Cross Claim Defendants have replied, arguing that Plaintiffs have still not produced sufficient factual basis, do not have privity, cited no contractual provisions of any contract, nor did they produce the deposition testimony which purportedly supplied them the basis for which a legally cognizable claim could be derived as between Plaintiffs and the Cross Claim Defendants. Though the briefing period has closed, the motions have yet to be ruled on by the Court.

3.      The Cross Claim Defendants are at a disadvantage in how to respond to the Cross Claim filed by Fifth Third, for several reasons.  First, there is no clear statement of what Counter Claim Defendants allegedly did.  Second, because, like the Plaintiffs, Fifth Third does not attach a contract, agreement, or any documentation that would support their claims. Fifth Third does not cite any language of any particular contract giving rise to a legally cognizable claim, only generally asserting that because Cross Claim Defendants did not abide by a contractual agreement, Fifth Third is to be shielded from the Plaintiffs' claims. It is evident that Fifth Third is dove-tailing the Plaintiffs' allegations, trying to make sure that Fifth Third has the ability, if any, one day to pin the unfortunate incidents alleged in Plaintiffs' Complaint against Cross Claim Defendants. As such, how the Court treats Plaintiffs' claims and how the Court seeks to treat the Cross Claims Defendants in the future has a bearing upon how Cross Claim Defendants are postured in this case. For example, if the Court were to rule that the Plaintiffs have asserted a

viable claim against Cross Claim Defendants, then the legal effect of Fifth Third's cross claim is to seek contribution from a joint tortfeasor, which is allowed under Alabama law. See *Crigler v. Salac*, 438 So.2d 1375 (Ala. 1983). If, on the other hand, the Court were to rule that the Plaintiffs' claims are due to be dismissed, the legal effect of the Cross Claim is to assert a claim for indemnification, for which Fifth Third has not sufficiently plead.

4.      The purpose of the requested stay would be to allow Cross Claim Defendants to know which scenario applies to them. After the Court decides the fate of Plaintiffs' Amended Complaint, Cross Claim Defendants would then have adequate opportunity to respond in a good faith responsive pleading. Alternately, if the Court were to not allow the stay requested, Cross Claim Defendants request that the Cross Claim be dismissed, or rule that Fifth Third more definitely state a cause of action under Alabama law.

**Motion to Dismiss, or in the Alternate, More Definite Statement**

1.      First and foremost, the claims sounding in negligence in the Cross Claim (Count IV) are due to be dismissed for the failure to state a claim. A claim sounding in negligence may only be brought within two (2) years. See <u>Ala Code</u> § 6-2-38 (2010). Though the Cross Claim is silent as to the dates relevant to this cause of action, Plaintiffs' Amended Complaint asserts that the mortgage made issue of this case was obtained on June 8, 2007, and that Fifth Third had failed to pay for flood premiums due for the flood policy during that first year (2007-2008). [Doc. 23, ¶¶ 9 & 12]. The Cross Claim was not filed until November 23, 2010, or two (2) years and almost six (6) months from the time when the negligence giving rise to this action could have occurred.[1]   Regardless, the Count only alleges that Cross Claim Defendants tortuously breached the contract, which is not a viable claim under Alabama law. See e.g. *Tennessee Coal,*

---

[1] Note in Paragraph 12 of the Amended Complaint, Doc. 23), it is during the 2007 / 2008 time frame that Plaintiffs received notice of the "lapse" in their payments of flood insurance.

*Iron & R. Co. v. Sizemore*, 258 Ala. 344, 62 So.2d 459 (Ala. 1953) ("A complaint for the breach of contract in not performing the obligation there expressed, or not doing it in the way specified, is not in tort, and cannot be, unless the non-performance is by reason of a failure to exercise the care required by law in attempting to perform.").

      2.      Second, as alluded to above, Fifth Third's allegations are bold, conclusory, and without factual support. Fifth Third does not reference the contracts and/or agreements it wishes to enforce, not even quoting any portion thereof. The Supreme Court of Alabama has stated the following as it relates to the necessity to specifically plead a breach of contract:

> The general rule in that connection is that no great particularity is required in describing the breach of a contract, but the essential facts constituting the obligation should be set forth in unequivocal terms, and the breach be assigned with such particularity as will apprise the defendant in what respect he has failed to perform. All that is required is that the breach complained of be substantially set forth. But general averments without giving the nature or character of the breach may not be sufficient as defendant must be informed as to how or wherein he breached the contract.

*Tennessee Coal, Iron & R. Co. v. Sizemore*, 258 Ala. 344, 349, 62 So.2d 459, 463 (Ala. 1952) (internal citations omitted) (emphasis added). Arguably, federal procedural law requires specificity in any pleading that would direct the Cross Claim Defendants to (1) what contract is alleged to have been breached; (2) how what section of that contract was breached; and (3) when that contract was allegedly breached.[2] None of that is present here, and like in Plaintiffs'

---

    [2] As is stated in TrackSure and Assurant's briefs in support of dismissal, "the U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Supreme Court has recently stated that Fed. R. Civ. P. 8 demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 555). Instead, "[f]actual allegations

Amended Complaint, Fifth Third only generally alleges claims sounding in "not me, its him that did it, so I want him to pay!," which should not, and cannot, support a legally cognizable claim.

    3.    To the extent that Fifth Third is claiming it is entitled to contribution from Cross Claim Defendants, as stated above, there is no such claim under Alabama law. *Crigler v. Salac*, 438 So.2d 1375 (Ala. 1983). Therefore, given the lack of any specificity as to how or why it is that Cross Claim Defendants have been sued and under what agreement, the only inference or implication is that Fifth Third is attempting to circumvent this prohibition by alleging it is entitled to the amorphous terminology of the claim called "common law indemnification." Like in the breach of contract argument above, this claim and/or count fails to meet the pleading requirements of <u>Fed.R.Civ.P.</u>, Rule 8(c) and this claim is due to be dismissed.

    4.    If the Court were inclined to find that Fifth Third has met the minimum threshold of pleading for breach of contract, or common law indemnification for that matter, Cross Claim Defendants seek the Court's intervention in having Fifth Third, in the least, plead with more specificity, with a more definite statement of claims, factual support and citations to contract provisions they intend to be suing under. At a minimum, Fifth Third should reference the contract language, cite dates, times, and other facts that support a breach of that language, and further cite facts that would allow contribution from an alleged joint tortfeasor, if that is indeed their intention, so that a proper, and good faith, responsive pleading to the allegations can be

---

must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement, [they] stop short of the line between possibility and plausibility of entitle[ment] to relief." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (internal quotations omitted) (quoting *Twombly*, 550 U.S. at 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F. 3d 53, 56 (1st Cir. 1999)). Should the plaintiff fail to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570."

made in this case.  Not withstanding this alternate request, Cross Claim Defendants pray for a stay, if not the stay, dismissal of the claims for the reasons stated above.

WHEREFORE, the premises considered, TrackSure and Assurant, both Cross Claim Defendants, seek relief in the matter requested in this Motion to Stay and/or Motion to Dismiss or in the Alternate for More Definite Statement.

Respectfully submitted,


*s/ John P. Browning*
JENNIFER M. BUSBY (BUSBJ4965)
JOHN P. BROWNING (BROWJ6884)
Attorneys for Defendant
TRACKSURE INSURANCE AGENCY, INC. and
ASSURANT, INC

**OF COUNSEL:**

John P. Browning (BROWJ6884)
BURR & FORMAN LLP
P.O. Box 2287
Mobile, Alabama  36652-2287
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696
jbrownin@burr.com


Jennifer M. Busby (BUSBJ4965)
BURR & FORMAN, LLP
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Phone: (205) 458-5341
Fax:    (205) 244-5614
Gbusby@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 5th day of January, 2011:

Kenneth J. Riemer Esq.
Post Office Box 1206
Mobile, AL 36633

M. Warren Butler Esq.
Post Office Box 1548
Mobile, AL 36633-1548

Earl P. Underwood Esq.
21 South Section Street
Fairhope, AL 36532

James Donnie Patterson Esq.
166 Government Street, Suite 100
Mobile, AL 36602

Matthew Whittle Robinett Esq.
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL 35203

Scott D. Stevens Esq.
Post Office Box 1548
Mobile, Alabama 36633-1548

Keasha Ann Broussard Esq.
1180 Peachtree Street, NE
Atlanta, Georgia 30309

L. Jackson Young Jr. Esq.
2500 Acton Road, Suite 200
Birmingham, Alabama 35243

Tasheika Hinson Esq.
1420 Peachtree NE, Suite 800
Atlanta, Georgia 30309

*s/ John P. Browning*
OF COUNSEL