IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD AGOSTINELLI and JOANN AGOSTINELLI,** | * | |
| | * | |
| Plaintiffs/Counter-Claim Defendants, | * | Case No. 1:10-cv-00294-CG-B |
| v. | * | |
| **FIFTH THIRD BANK, d/b/a FIFTH THIRD MORTGAGE COMPANY, et al.,** | * | |
| | * | |
| Defendants/Counter-Claimants/Cross-Claimants, | * | |
| | * | |
| v. | * | |
| **TRACKSURE INSURANCE AGENCY, INC., A DIVISION OF ASSURANT, INC.** | * | |
| | * | |
| Cross-Claim Defendants. | * | |

### FIFTH THIRD BANK'S RESPONSE TO JOINT MOTION TO STAY, MOTION TO DISMISS, OR MOTION FOR MORE DEFINITE STATEMENT FILED BY TRACKSURE AND ASSURANT

COMES NOW Defendant Fifth Third Bank ("Fifth Third"), and hereby files its Response to the Joint Motion to Stay, Motion to Dismiss, or Motion for more Definite Statement (Doc. 67) filed by Tracksure Insurance Agency, Inc. ("Tracksure") and Assurant, Inc. ("Assurant") by stating as follows:

**A.** **Motion to Stay**

It is not entirely clear what Cross-Claim Defendants are requesting be "stayed," but it appears that they are requesting an extension of time to respond to Fifth Third's Cross-Claim. Cross-Claim Defendants offer no legal support for the requested stay or extension, but simply

submit that they are "at a disadvantage in how to respond to the Cross-Claim." (Doc. 67, p. 2, ¶3). First, they claim that the Cross-Claim contains "no clear statement of what Counter [sic] Claim Defendants allegedly did." (Id.). However, paragraphs 3-8 of the Cross-Claim (Doc. 49, pp. 28-30) clearly set forth the factual basis for the claims against Cross-Claim Defendants:

\*   \*   \*

3. This case arises out of servicing of a real estate mortgage loan that Plaintiffs secured on property located in Baldwin County, Alabama. The Complaint centers around the alleged failure of Fifth Third to pay flood insurance premiums on behalf of Plaintiffs. As a result, insurance was "force-placed" on Plaintiffs' account, which led to discrepancies in the amounts of their monthly payments, and an indication that Plaintiffs were in default under the terms of the mortgage and loan agreements.

4. Assurant, at all material times, provided insurance tracking and placement services for Fifth Third under an agreement entitled "TrackSure Tracking Services Agreement" (hereinafter "the Agreement"). Under the Agreement, Assurant was responsible for issuing notices and placing coverage under Fifth Third's Master Insurance Policy, including for Fifth Third accounts in the state of Alabama. This included the responsibility of Assurant to pay the flood insurance premiums related to Plaintiffs' account and to notify Fifth Third or the mortgagors of any potential lapse/expiration in the flood insurance policy.

5. In this case, Assurant failed to pay the flood insurance premium and/or notify Fifth Third of the lapse/expiration of Plaintiffs' flood insurance policy, which caused the insurance to be force-placed. When the insurance was force-placed, Fifth Third was required to withdraw monies out of Plaintiffs' monthly payment, that would normally be deposited against the balance on the loan, to cover the insurance. Fifth Third notified Plaintiffs that this put them in arrears on their monthly payments, and placed Plaintiffs in default under the terms of their mortgage and loan agreement with Fifth Third, leading to a threatened foreclosure.

6. Under the Agreement between Fifth Third and Assurant, Assurant agreed to indemnify Fifth Third as to any and all liabilities, claims, demands, actions, costs, debts, fines, penalties and direct damages, including reasonable attorney's fees arising out of Assurant's (or its contractor's) performance of its obligations under the Agreement.

7. Assurant's actions constitute a breach of Assurant's obligations to Fifth Third, as defined in the Agreement, and further constitute a failure to adhere to reasonable and customary origination practices of prudent insurance tracking and service institutions.

> 8. If and to the extent Plaintiffs are awarded damages or any other recovery arising out of the allegations of the Complaint in this case, Fifth Third is entitled to be indemnified for its share of any such award or damages by Assurant.

Thus, the argument that the Cross-Claim does not explain what Cross-Claim Defendants "did wrong" is simply incorrect.

Cross-Claim Defendants next allege that they cannot respond to the Cross-Claim because "Fifth Third does not attach a contract, agreement, or any documentation that would support their claims." (Doc. 67, p. 2, ¶3). Again, they cite to no legal authority that requires a contract or other document be appended to a pleading. Indeed, other courts have held that no such pleading requirement exists. *See Transport Intern. Pool, Inc. v. Ross Stores, Inc.*, Civ. Action No. 06-1812, 2009 WL 1033601, at * 3 (E.D. Pa. April 15, 2009)("A plaintiff pleading a breach of contract in federal court does not need to attach the contract to the Complaint."); *Jones v. Select Portfolio Servicing, Inc.*, Civ. Action No. 08-973, 2008 WL 1820935, at *10 (E.D.Pa. Apr. 23, 2008)("A plaintiff is not required to attach the subject contract to the complaint ...."); *Lone Star Indus., Inc., v. Nelstad Material Corp.*, 811 F.Supp. 147, 148 (S.D.N.Y. 1993)("[N]otice pleading under [ Rule] 8 permits allegations concerning governing documents even if not attached to the complaint."). Thus, the argument that a stay is necessary because no documents are attached to the Cross-Claim must fail as well.

Next, Cross-Claim Defendants argue that the Court's ruling on Plaintiffs' claims will affect the way that they respond to the Cross-Claim. They allege that if the Court rules that Plaintiffs have asserted a viable claim, then the legal effect of Fifth Third's Cross-Claim is to seek contribution from a joint tortfeasor "which is allowed [sic][1] under Alabama law." (Doc. 67, p.3, ¶3). Even if this were the case, there are well-established exceptions to the general rule

---

[1] Upon information and belief, Cross-Claim Defendants meant to say that contribution is <u>not</u> allowed under Alabama law.

against seeking contribution from a joint tortfeasor. For example, in *SouthTrust Bank v. Jones, Morrison, Womack & Dearing, P.C.*, 939 So.2d 885, 902-903 (Ala. Civ. App. 2005) the court stated:

> The exceptions to the rule that indemnity will not be allowed among joint wrongdoers are that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Where an injury results from a violation of a duty which one owes to another, the parties are not in pari delicto.
>
> ... **These exceptions to the general rule that no right of contribution or indemnity exists in favor of one joint tort-feasor against another are recognized in Alabama....**

(emphasis added)(citations omitted). Moreover, the "joint tortfeasor" rule does not apply where the theories of recovery are based on breach of contract, rather than in tort. *See Matthews Bros. Const. Co., Inc. v. Stonebrook Development, L.L.C.*, 854 So.2d 573, 580 (Ala. Civ. App. 2001). Plaintiffs' Complaint certainly includes claims for breach of contractual obligations. Thus, the argument that Fifth Third's claims may automatically be barred based upon general contribution and indemnity principles, is also without merit.

Cross-Claim Defendants also allege that if the Cross-Claim is dismissed, then Fifth Third has not sufficiently pled a claim for indemnification. (Doc. 67, p. 3, ¶3). However, Fifth Third has clearly pled claims for both contractual and common law indemnification in Counts One and Two of its Cross-Claim. (Doc. 49, pp. 30-31). Accordingly, the argument of Cross-Claim Defendants fails in this regard as well.

Finally, in any event, even if the strategy of Cross-Claim Defendants were to be affected by the Court's ruling on Plaintiffs' claims, Cross-Claim Defendants could remedy their problem in the future by simply requesting leave to amend their responsive pleading, as appropriate. Accordingly, the Motion to Stay of Cross-Claim Defendants is without merit and is due to be denied.

4

{B1244601}

### B.   Motion to Dismiss or, in the Alternative, More Definite Statement

In the second section of their joint motion, Cross-Claim Defendants first allege that Count IV of the Cross-Claim for negligence is due to be dismissed under the applicable two-year statute of limitations. A court should grant a motion to dismiss only if a complaint "...**on its face is conclusively time-barred.**" *Tripp v. Astrue*, Civ. Action No. 08-1861, 2009 WL 3784607, at *1 (D.D.C. 2009)(emphasis added). Even then, "[b]ecause statute of limitations issues often depend on contested questions of fact...the court should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Williams-Jones v. LaHood*, 656 F.Supp.2d 63, 67 (D.D.C. 2009).

In this case, Fifth Third's Cross-Claim does not state the exact dates of the alleged breaches of duties by Cross-Claim Defendants, and those dates are unclear at this time. Indeed, some of the acts and omissions complained of in the Cross-Claim were of a recurrent nature, and discovery will be necessary to determine the exact dates of such breaches. Moreover, it is clear that cross-claims relate back to the original date of the Complaint if "the basis for the cross-claims is the events and occurrences that formed the basis for the [original] claims." *Westport Ins. Corp. v. Coffman*, No. C2-05-1152, 2009 WL 243096, at * 7 (S.D. Ohio 2009). In this case, Fifth Third's cross-claims against Assurant and Tracksure clearly relate to Plaintiffs' claims against Fifth Third for failure to pay premiums and the resulting effects. Since the original Complaint was filed on February 10, 2010 (Complaint, Doc. 1-1), Fifth Third's cross-claims would relate back to that date; thus, the arguments of Cross-Claim Defendants fail for this reason as well.

Moreover, Cross-Claim Defendants allege that the negligence count is due to be dismissed because it simply alleges a tortuous breach of contract, which is not allowable under

Alabama law. However, as indicated in their own motion, such a claim is allowable where the "non-performance is by reason of a failure to exercise the care required by law in attempting to perform." *Tennessee Coal, Iron & R. Co. v. Sizemore*, 62 So.2d 459 (Ala. 1953). This Court has likewise previously recognized exceptions to the general rule:

> While the general rule in Alabama is that "a mere failure to perform a contractual obligation is not a tort," *Barber v. Business Products Center, Inc.*, 677 So.2d 223, 228 (Ala. 1996), Alabama apparently recognizes exceptions to this rule. Thus, for example, in *Taylor v. Baptist Medical Center, Inc.*, 400 So.2d 369 (Ala. 1981), when a physician who had contracted to provide the plaintiff with prenatal, delivery and postnatal care failed to attend during the plaintiffs labor and delivery, the Court held that the plaintiff could pursue an action for negligent failure to attend. *Id.* at 372, 374. Similarly, in *Western Union Telegraph Co. v. Jackson*, 163 Ala. 9, 50 So. 316 (1909), where the defendant failed to timely deliver a telegram pursuant to contract, the recipient could maintain an action for "negligent delay" in the delivery of the message. *Id.* at 318.

*Powers v. CSX Transp., Inc.*, 190 F.Supp.2d 1284, 1295 (S.D. Ala. 2002).

In this case, Fifth Third, as an alternative theory of relief, alleges that Cross-Claim Defendants negligently performed their duties in attempting to withdraw insurance premiums and/or inform Fifth Third of the lapse in coverage. Additionally, Fifth Third is entitled to assert the negligence theory in the alternative, to the extent that the acts or omissions complained of may not have been expressly spelled out in a relevant contractual agreement. *See D.M.C. Enterprises Inc. v. Best McAllister, LLC*, Civ. Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. August 4, 2010)(noting that a party may "plead alternative, inconsistent and mutually exclusive claims") (quoting *Ex Parte King*, 591 So.2d 464, 466-67 (Ala. 1991)). Indeed, Fifth Third's Cross-Claim expressly states that Cross-Claim Defendants failed to adhere to reasonable and customary practices of prudent insurance tracking and service institutions. Accordingly, Fifth Third's negligence claim is not automatically barred as an attempt to allege a tortuous breach of contract.

Cross-Claim Defendants next argue that Fifth Third's allegations are subject to dismissal because they are "bold [sic], conclusory, and without factual support." (Doc. 67, p.4, ¶ 2). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Hancock v. Hood*, 686 F.Supp.2d 1240, 1247 (S.D. Ala. 2010). "The Supreme Court emphasized [in *Twombly*], however, that '"we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1248.

As set forth above, Fifth Third has sufficiently alleged and pled the factual basis for its claims. Paragraphs 3-8 of the Cross-Claim (Doc. 49, pp. 28-30) clearly set forth the factual basis for the claims against Cross-Claim Defendants. Even so, Cross-Claim Defendants complain that Fifth Third "does not reference the contracts and/or agreements it wishes to enforce, not even quoting any portion thereof." (Doc. 67, p. 4, ¶2). Again, Cross-Claim Defendants point this Court to no authority that Fifth Third is required to specifically identify or quote any portions of the contract in its Cross-Claim. Indeed, other courts have held to the contrary. *See Transport Intern. Pool, Inc. v. Ross Stores, Inc.*, 2009 WL 1033601, at *2 (E.D.Pa. Apr. 15, 2009)(Rejecting defendant's argument that complaint failed to comply with Rule 8 because the plaintiff did not identify the contract at issue in the breach of contract claim). Further, Cross-Claim Defendants completely ignore the fact that the Cross-Claim <u>does</u> specifically reference the "TrackSure Tracking Services Agreement."[2] (Doc. 49, p. 29, ¶ 4). Accordingly, the argument

---

[2] This reference, however, does not preclude Fifth Third from seeking recovery under other express or implied contracts as well. Contrary to the assertions of Cross-Claim Defendants, the rules do not require that a specific contract be identified in order to state a claim for breach of contract. *See Transport Intern. Pool, Inc. v. Ross Stores, Inc.*, 2009 WL 1033601, at *2 (E.D.Pa. Apr. 15, 2009)(Rejecting defendant's argument that complaint failed to comply with Rule 8 because the plaintiff did not identify the contract at issue in the breach of contract claim).

{B1244601}

that the Cross-Claim must be dismissed due to an alleged failure to identify and quote portions of the contract at issue, is likewise without merit.

Cross-Claim Defendants next argue that Fifth Third's claim for indemnity and contribution is impermissible. (Doc. 67, p. 5, ¶3). As set forth above, there are several exceptions to the general rule against seeking indemnity and contribution. Indeed, although, Cross-Claim Defendants cite to *Crigler v. Salac*, 438 So.2d 1375, 1385 (Ala. 1983), they ignore the plain language of *Crigler* relative to these exceptions:

> The general rule in Alabama, **subject to exceptions**, is that joint tortfeasors are not entitled to indemnity or contribution. The judgment notwithstanding the verdict entered by the trial court must mean that it found either that some exception to the rule barring indemnity among joint tortfeasors applied so that Collateral Control would be entitled to be indemnified for the full amount of the judgment, or that the parties intended by the agreement to indemnify Collateral Control against loss caused by its own negligence. ***Some exceptions to the rule that indemnity will not be allowed among joint wrongdoers are that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the proximate or primary cause of the injury.***

*Id.* (citations omitted)(emphasis added). Moreover, the Alabama Supreme Court has recently recognized that parties may contractually agree that one party will be liable to the other in indemnity, even if the indemnified party is also guilty of wrongdoing, and even if the result is a comparative negligence-type analysis. *See Holcim (US), Inc. v. Ohio Cas. Ins. Co.*, 38 So.3d 722, 738 (Ala. 2009)(affirmatively answering certified question of whether an indemnitee may enforce indemnity provision calling for allocation of damages based on the respective fault of the indemnitor and indemnitee,[3] and noting that "…we see no barrier to an agreement between parties for an indemnitor to provide indemnity where the indemnitor's own wrongs also

---

[3] This is exactly what the "Tracksure Tracking Services Agreement," cited in the Cross-Claim, calls for in this matter. Cross-Claim Defendants undoubtedly have a copy of this document in their possession already, and the document will also be produced in discovery.

8

{B1244601}

contribute to the creation of the obligation."). Thus, the argument that Fifth Third cannot seek indemnity or contribution fails for this reason as well.

Cross-Claim Defendants next allege that Fifth Third's common law indemnification claim is "amorphous" and that it fails to meet the pleading requirements of Rule 8(c). (Doc. 67, p.5, ¶ 3). Cross-Claim Defendants fail to explain why they believe the claim to be "amorphous" or why it allegedly fails to meet pleading requirements. In any event, the claim for common law indemnification is well recognized in Alabama. *See Coates v. CTB, Inc.*, 173 F.Supp.2d 1200, 1203-1204 (M.D. Ala. 2001)(noting that a common-law action…for indemnity exists and may be pursued in this court," and that a party who is at fault, but only passively negligent, can bring such a claim). Fifth Third has sufficiently pled that the acts and omissions of Cross-Claim Defendants, as set forth more fully above, led to Plaintiffs' damages, and that Fifth Third was not an actively negligent defendant, and is thus entitled to common law indemnification from Cross-Claim Defendants. Moreover, this theory is properly pled in the alternative. *See D.M.C. Enterprises Inc. v. Best McAllister, LLC*, Civ. Action No. 10-00153-CB-N, 2010 WL 3039477, at *2 (S.D. Ala. 2010)(noting that a party may "plead alternative, inconsistent and mutually exclusive claims")(quoting *Ex Parte King*, 591 So.2d 464, 466-67 (Ala. 1991)).

Cross-Claim Defendants next request that if the Court finds Fifth Third's pleading sufficient to state a claim, it should require Fifth Third to plead with more specificity the factual support and contractual citations under which it is suing them. (Doc. 67, p.5, ¶4). "As the formidable standard set forth in Rule 12(e) suggests, **motions for more definite statement are viewed with disfavor and are rarely granted.**" *Abrams v. CIBA Specialty Chemicals Corp.*, Civ. Action No. 08-0068-WS-B, 2008 WL 4183344, at *2 (S.D. Ala. Sep. 10, 2008)(emphasis added). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a

{B1244601}

vehicle for obtaining greater detail." *Id.* "A motion for more definite statement is not a substitute for discovery." *Id.* "[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Id.*

For the same reasons set forth more fully above, Fifth Third's pleading is sufficient to put Cross-Claim Defendants on notice of the claims against them. Paragraphs 3-8 of the Cross-Claim (Doc. 49, pp. 28-30) clearly set forth the factual basis for the claims against Cross-Claim Defendants. Cross-Claim Defendants have not articulated a legally-supported reason to require a more definite statement, and their motion should be denied. *See Transport Intern. Pool, Inc. v. Ross Stores, Inc.*, 2009 WL 1033601, at* 4 (E.D. Pa. Apr. 15, 2009)(denying motion for more definite statement, noting that "[d]efendant has not articulated a convincing reason as to why it needs a more definite statement in order to respond. Moreover, all the information that it purports to need can be obtained through discovery.").

WHEREFORE, the premises considered, Fifth Third respectfully requests that this Court enter an Order denying the Joint Motion to Stay, Motion to Dismiss, and Motion for More Definite Statement filed by Cross-Claim Defendants, and to grant it such other good and further relief as this Court may allow.

s/*M. Warren Butler*
M. WARREN BUTLER
BUTLM3190
SCOTT D. STEVENS
STEVS0320
Attorneys for Defendant
Fifth Third Bank
Starnes Davis Florie LLP
RSA Battle House Tower, Suite 20290
P. O. Box 1548
Mobile, AL  36633-1548

{B1244601}

                    Phone:  (251) 405-5065
                    Fax:  (251) 433-5901
                    E-mail:  wbutler@starneslaw.com
                    E-mail:  sstevens@starneslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the ___18___ day of ___Jan___, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Earl P. Underwood, Esq.
21 South Section Street
Fairhope, AL  36532
Counsel for Plaintiffs

Kenneth J. Riemer, Esq.
James D. Patterson, Esq.
P. O. Box 1206
Mobile, AL  36633
Counsel for Plaintiffs

Jennifer M. Busby, Esq.
Burr & Forman, LLP
3100 SouthTrust Tower
420 N. 20th St.
Birmingham, AL  35203
Counsel for Tracksure Insurance Agency, Inc.,
a division of Assurant, Inc.

John P. Browning, Esq.
Burr and Forman, LLP
P. O. Box 2287
Mobile, AL  36652
Counsel for Tracksure Insurance Agency, Inc.,
a division of Assurant, Inc.

Leilus J. Young Jr., Esq.
Ferguson Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL  35243
Counsel for Experian Information Solutions, Inc.

Matthew W. Robinett, Esq.
Norman, Wood, Kendrick & Turner
2001 third Avenue S., Suite 1500
Birmingham, AL  35233
Counsel for Transunion, LLC

                                          s/M. Warren Butler
                                          M. WARREN BUTLER
                                          BUTLM3190

{B1244601}