IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF ALABAMA

| | | |
|---|---|---|
| EDWARD AND JOANN AGOSTINELLI | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Case No. 10-294 |
| | * | |
| | * | |
| FIFTH THIRD BANK, DBA FIFTH THIRD MORTGAGE COMPANY | * | |
| | * | |
| | * | |
| Defendant. | * | |

## SUPPLEMENTAL REPORT OF PARTIES' PLANNING MEETING

Pursuant to the Fed.R.Civ.P. 26(f), an agreement was reached between the parties as to a proposed scheduling order in anticipation of the court's scheduling conference set on May 20, 2011, as follows:

Kenneth J. Riemer, James D. Patterson, and Earl P. Underwood, attorneys for Plaintiffs.
M. Warren Butler, attorney for Defendant Fifth Third Bank.
Brian J. Olson and Kirkland E. Reid, attorneys for Defendant Equifax.
Jennifer M. Busby and John P. Browning, attorneys for Defendant Tracksure/Assurant.
Leilus J. Young and Tasheika Hinson, attorneys for Defendant Experian.
Matthew W. Robinett and Marc Kirkland, attorneys for Defendant Transunion.

The parties do not request a conference with the court before entry of the scheduling order.

1. Plaintiffs' brief narrative statement of the facts and the causes of action:
   Plaintiffs' claims arise from the servicing of a real estate mortgage loan secured by the Plaintiffs' property located in Gulf Shores, Alabama. Defendant Fifth Third Bank ("FTB") has repeatedly attempted to collect sums under the mortgage which are not due and has repeatedly held Plaintiffs in default when, in truth, Plaintiffs have at all times complied fully with the terms of Plaintiffs' claims arise from the servicing of a real estate mortgage loan secured by the Plaintiffs' property located in Gulf Shores, Alabama. Defendant Fifth Third Bank ("FTB") has repeatedly attempted to collect sums under the mortgage which are not due and has repeatedly held Plaintiffs in default when, in truth, Plaintiffs have at all times complied fully with the terms of their mortgage. FTB initiated non-judicial foreclosure proceedings and scheduled a foreclosure sale for March 4, 2010. Plaintiffs were forced to bring this action to stop that foreclosure. Yet, there has been no default by Plaintiffs and FTB was without any legal right to conduct a foreclosure sale. FTB also wrongfully reported to the major consumer reporting

agencies that Plaintiffs were behind in their mortgage payments and FTB failed to adequately investigate and remove the false reporting after Plaintiffs' dispute. FTB also failed to timely pay flood insurance premiums for which funds were paid to FTB or its agents by Plaintiffs. Rather than pay the premiums from monies already paid by Plaintiffs, FTB and its agent Defendant Assurant, Inc., wrongfully force placed a policy and charged Plaintiffs' account which caused FTB to consider the account delinquent. FTB and its agent Assurant are jointly and severally liable to Plaintiffs for wrongful acts and omissions concerning the insurance premium. FTB is also liable for a violation of Section 2605(g) of the Real Estate Settlement Procedures Act ("RESPA"), 12. U.S.C. § 2605(g) which requires timely payment of insurance premiums. Plaintiffs submitted disputes to the major consumer reporting agencies, including Defendants Experian, Equifax and Transunion ("CRA Defendants"), as allowed pursuant to the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. 1681. FTB failed to conduct any reasonable investigation of Plaintiffs' disputes and has failed to delete the false information, all in violation of the FCRA. Each of the CRA Defendants initially corrected the false information furnished by FTB, but then reinserted that information without complying with applicable provisions of the Fair Credit Reporting Act. Plaintiffs seek recovery of compensatory, punitive and statutory damages as a result of Defendants' wrongful acts, as well as attorneys fees and costs.

2. <u>Defendants' brief narrative statements of the facts and defenses, including affirmative defenses</u>:

<u>Fifth Third Bank</u>

Defendant denies that Plaintiffs have complied with the terms of their mortgage, and Defendant is entitled to full sums due under the mortgage which have not been paid by Plaintiffs. Plaintiffs were, and are, in default of their mortgage agreement with Defendant, and Defendant has counter-claimed Plaintiffs for the amounts past due under the mortgage agreement. Defendant has set forth numerous affirmative defenses to Plaintiff's allegations of breach of the mortgage agreement, breach of fiduciary duty, negligence, wantonness, wrongful foreclosure, defamation, and any request for injunctive relief which are set out in detail in Defendant's answer to Plaintiff's complaint. Defendant has also asserted cross claims against Tracksure which are set out therein.

<u>Equifax Information Services, LLC</u>

Defendant Equifax Information Services LLC ("Equifax") denies that it violated, either negligently or willfully, the Fair Credit Reporting Act. Equifax's investigation into Plaintiffs' dispute was properly conducted and was in accordance with the provisions of the FCRA, even assuming, for the sake of argument only, that Plaintiffs properly notified Equifax of any dispute. Further, at all relevant times, Equifax maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the

information concerning Plaintiffs in preparing consumer reports related to Plaintiffs. Moreover, Plaintiffs have not pled any facts that show they have suffered actual damages, nor would Plaintiffs be entitled to punitive damages. Finally, Equifax states that it is entitled to any and all defenses afforded it under the FCRA.

Tracksure Insurance Agency, Inc./Assurant

Assurant is an indirect parent corporation for Tracksure, and, therefore, has no liability under Alabama law for the facts or circumstances giving rise to the underlying complaint, to include the claims against Assurant asserted by the plaintiff and those claims asserted as a cross claim from Fifth Third Bank. This Court lacks general and specific personal jurisdiction over Assurant. Assurant maintains that its motions to dismiss were due to be granted in all respects. Regardless, neither the plaintiffs nor Fifth Third Bank have a contractual relationship with Assurant such that a duty would arise under Alabama law.

As for Tracksure, it adopts its arguments made in its motions to dismiss, and, like Assurant, maintains that its motions to dismiss were due to be granted in all respects. In light of the denial, however, Tracksure admits that there was a contractual relationship with Fifth Third Bank, but not as it is classified or construed in the complaint or in the cross claims as Fifth Third. Tracksure had no contractual relationship with the plaintiffs. Tracksure was not the "agent" of Fifth Third Bank. Tracksure is not, and cannot be, jointly and severally liable to the plaintiffs were no legal duty exists under the facts of this case or under Alabama law.

As to the cross claims from Fifth Third Bank, Tracksure denies that it breached its contract with Fifth Third. Tracksure fully complied with its contractual responsibilities with Fifth Third Bank, and to the extent it had any duty to the Plaintiff, it complied with its responsibilities in all respects. Tracksure denies that it owes any obligation to defend, hold, harmless, or indemnify Fifth Third Bank for any of the claims brought against it. The clams brought against Fifth Third Bank arise solely out of its responsibilities and obligations arising out of the mortgagor/mortgagee relationship with the plaintiffs, contracts Tracksure is not a party to, and, therefore, any acts or omissions that occurred to cause the plaintiffs damages are exclusively the responsibility of Fifth Third Bank to remedy. To the extent the contractual relationship between Fifth Third Bank and Tracksure calls for an obligation to defend, hold harmless, or indemnify, Fifth Third Bank is incorrect in that the obligation is actually for Fifth Third Bank to provide Tracksure said protections. Furthermore, the contractual relationship between Fifth Third Bank and Tracksure contains an arbitration provision, which should be enforced.

Assurant and Tracksure, if and when its Answer is filed, intends to more specifically set forth its denials, admissions, and numerous affirmative defenses,

as well as assert its cross claims against Fifth Third Bank for indemnification arising out of its contractual relationships and the common law of Alabama. Given that no answer has yet been filed (and without waiving its rights to assert this matter is subject to an arbitration provision), undersigned reserves the right to amend as necessary and in a timely manner.

Experian Information Solutions, Inc.

As discovery has yet to commence, Experian cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiffs. Plaintiffs allege that Experian violated the Fair Credit Reporting Act ("FCRA") in the reporting of Plaintiffs' Fifth Third Bank mortgage. Upon information and belief, Experian has accurately reported credit information pertaining to the Plaintiffs. Further, at all relevant times, Experian maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs. Experian accepted information regarding Plaintiffs from reliable sources of information. Experian has not acted with malice, negligent, willful or reckless intent to harm Plaintiffs, nor with reckless or conscious disregard for the rights of the Plaintiffs, and Experian has fully complied with the FCRA. Experian will also show that any alleged damage suffered by the Plaintiffs was not caused by Experian. Additionally, Experian has asserted numerous affirmative defenses in its Answer and Affirmative Defenses To Plaintiffs' Amended Complaint, including, but not limited to: failure to state a claim; immunity; truth/accuracy of information; indemnification; failure to mitigate damages; laches; contributory/comparative fault; estoppel; statute of limitations; unclean hands; reasonable procedures; reasonable reinvestigation; compliance with the FCRA; unconstitutionality of punitive damage award; privilege and immunity; no malice or willful intent; pro tanto settlements; intervening cause; adoption of applicable defenses; and right to assert additional defenses.

In addition, at this time Experian does not have knowledge or possession of facts or documents controlled by the Plaintiffs or the other Defendants. Therefore, this statement is based on the facts known by Experian at this time. Experian makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

Transunion, LLC

As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiffs. Plaintiffs alleged that Trans Union violated the Fair Credit Reporting Act ("FCRA") in the reporting of Plaintiffs Fifth Third Bank mortgage. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiffs. Further, Trans Union properly investigated Plaintiffs' disputes as required by the FCRA, updated the information as appropriate, and

timely reported the results of those investigations to Plaintiffs. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs. Trans Union accepted information regarding Plaintiffs from reliable sources of information. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiffs, nor with reckless or conscious disregard for the rights of the Plaintiffs, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by the Plaintiffs was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiffs or the other Defendants. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Paragraph regarding email service**

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

3. This jury action should be ready for trial by June 2012, and at this time is expected to take approximately three (3) days.

4. The parties request a pretrial conference in May 2012.

5. Discovery Plan.

   A. Plaintiffs will need discovery on the following:

      - All aspects of the subject loan;
      - Defendant's lending practices and procedures regarding foreclosure, loan servicing, insurance and record retention;
      - The flood insurance policy maintained on the subject property, any lapses, in coverage, and the payments history regarding that policy;

- Agreement and transactions between Defendant and any third party contractor who had any dealings with respect to Plaintiffs' loan;
- Defense and allegations set out in Defendant's answer;
- Collections efforts taken against Plaintiffs, including but not limited to information reported to consumer reporting agencies or other third parties;
- All matters concerning Defendant's counterclaim;
- The damages suffered by Plaintiffs as a result of the wrongful acts of Defendant, included but not limited to credit damages;
- Matters relating to the account information reported to the CRA Defendant by FTB;
- Actions taken by CRA Defendants and FTB in response to Plaintiffs' consumer disputes;
- Account information reported, as part of Plaintiffs' credit file, by CRA Defendants regarding FTB account;
- Communications between FTB and CRA Defendants regarding the Plaintiffs' account; and
- Credit damages suffered by Plaintiffs.

B. Defendants will need discovery on the following:

- All of the topics listed above, as well as the damages sustained by Defendant for Plaintiff's failure to pay the full amounts owed under their mortgage; and
- Issues on the cross claims as between Tracksure and Fifth Third on the anticipated mutual claims of indemnification.

6. All discovery will be commenced in time to be completed by March 30, 2012.

7. Initial Disclosures. The parties will exchange within twenty (20) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

8. The parties request until June 30, 2011 to join additional parties and amend the pleadings.

9. Reports from retained experts under Rule 26(a)(2) due:

   from Plaintiffs by December 31, 2011
   from Defendants by January 31, 2012

10. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by date of the pre-trial conference.

11. Discovery Limits.

Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 6 depositions by Plaintiffs for each Defendant and 6 by each Defendant, each deposition limited to maximum of 8 hours unless extended by agreement of parties.

Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 25 (total) requests for production of documents by each party to any other party. Responses due 30 days after service.

12. All potentially dispositive motions filed by April 2, 2012.

13. Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

Date: _May 20, 2011_

/s/ Kenneth J. Reimer
KENNETH J. RIEMER (RIEMK8712)
Post Office Box 1026
Mobile, Alabama 366330
Telephone: (251) 432-9212
Attorney for Plaintiffs EDWARD and
JOANN AGOSTINELLI

/s/ M. Warren Butler
M. Warren Butler (BUTLM3190)
RSA Battle House Tower, Suite 20290
P. O. Box 1548
Mobile, AL 36633-1548
Attorney for Defendant FIFTH THIRD
BANK

/s/ Matthew W. Robinett
Matthew W. Robinett, Esq.
Norman, Wood, Kendrick & Turner
505 20th Street North, Ste. 1600
Birmingham, AL 35203
Attorneys for Defendant TRANSUNION

{B1292615}

*/s/ John P. Browning*
JENNIFER M. BUSBY (BUSBJ4965)
JOHN P. BROWNING (BROWJ6884)
Attorneys for Defendant
TRACKSURE INSURANCE AGENCY,
INC. and ASSURANT, INC.

*/s/ Brian J. Olson*
Brian J. Olson *(Admitted Pro Hac Vice)*
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Telephone: (404) 215-5806
Fax: (404) 572-5200
Email: BJOlson@kslaw.com
Attorney for Defendant EQUIFAX
INFORMATION SERVICES LLC

*/s/ Tasheika Hinson*
Jones Day
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
thinson@jonesday.com
Telephone: 404.581.8451
Fax: 404.581.8330
Attorney for Defendant EXPERIAN

{B1292615}