IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


EDWARD AGOSTINELLI, *et al.*,          *
                                       *
                                       *
        Plaintiffs,                    *    Civil Action No. 10-00294-CG-B
                                       *
vs.                                    *
                                       *
FIFTH THIRD BANK, et al.,              *
                                       *
        Defendants.                    *

## AMENDED RULE 16(b) SCHEDULING ORDER

A status conference was conducted on May 20, 2011, with counsel for all parties in attendance. Based upon the representations of counsel, and a review of the parties' Supplemental Fed.R.Civ.P. 26(f) Report (Doc. 77), and the pleadings, the following amended scheduling order is entered pursuant to Fed.R.Civ.P. 16(b):

1.   FINAL PRETRIAL CONFERENCE.   This action is set for a final pretrial conference before District Judge Callie V.S. Granade on **May 14, 2012, at 9:30 a.m.  This is a firm setting and the parties are expected to be ready for trial on that date.**

**A COPY OF THE DISTRICT JUDGE'S SPECIAL REQUIREMENTS FOR FINAL PRETRIAL CONFERENCES IS ATTACHED.   NO ADDITIONAL NOTICE REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE GIVEN.**

2.   TRIAL.   This action is set for jury selection on **June 5, 2012, at 8:45 a.m.,** and for trial sometime during the month of **June 2012,** the specific date to be set once the total number of actions going to trial that month is determined.   **However, counsel are cautioned that this action may be reset for jury selection and trial sooner after the pretrial conference if the trial docket of the District Judge permits it.**   The parties estimate that the trial of this action will take **three (3)** days.

3.   DISCOVERY COMPLETION.   All discovery is to be completed on or before **December 30, 2011. Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary**

circumstances require it <u>and</u> (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been filed and responded to; physical inspections and testing concluded; physical and mental examinations concluded; experts' reports exchanged; all depositions, including experts' depositions, taken; and motions to compel filed.

4. <u>INITIAL DISCLOSURES</u>. The parties are required to make the initial disclosures not later than twenty days after the meeting of the parties. To the extent the initial disclosures have not been made, they are to be made by **June 9, 2011.**

5. <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. Any motion for leave to amend the pleadings or to join other parties must be filed by **June 30, 2011.**

6. <u>EXPERT TESTIMONY</u>. The disclosure of expert testimony as required by Fed.R.Civ.P. 26(a)(2) is to be made by Plaintiffs on or before **September 30, 2011** and by Defendants on or before **October 31, 2011**.

Any expert rebuttal evidence, authorized by Rule 26(a)(2)(c) shall be made within 30 days after the disclosure made by the other party.

An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.

**All challenges to expert witnesses, including Daubert motions, must be filed not later than two weeks prior to the Final Pretrial Conference.**

7. <u>SUPPLEMENTATION</u>. Supplementation of disclosures and responses as required by Fed.R.Civ.P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably."

8. <u>PRETRIAL DISCLOSURES</u>. The disclosure of information regarding the evidence that each party may present at trial as required by Fed.R.Civ.P. 26(a)(3) is to be made on or before **April 30, 2012**.

9.    <u>DISCOVERY LIMITS</u>.  Discovery is limited as follows:

a.   Not more than **40** interrogatories, including all discrete subparts, may be served by each party upon any other party.  Responses are due within 30 days of service;

b.   Not more than **6** depositions may be taken by Plaintiffs, and not more than **6** depositions may be taken by each Defendant.  Each deposition is limited to a maximum of **8** hours**,** unless extended by agreement of the parties.

c.   Not more than **25** requests for admissions, including all discrete subparts, may be served by each party upon any other party.  Responses are due within 30 days of service;

d.   Not more than **25** requests for production of documents, including all discrete subparts, may be served by each party upon any other party.  Responses are due within 30 days of service.  Subpoenas duces tecum to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.

All parties represented by the same counsel will be treated as a single party in applying the discovery limitations.

10.    <u>DISCOVERY MOTIONS</u>.  The following requirements pertain to discovery motions filed in this Court:

a.   <u>Conferencing by Counsel</u>.  The conferencing requirement of Fed.R.Civ.P. 37(a)(1) will be strictly enforced. This requirement will also apply to a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a) and a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a)(6).  Any such motion not containing the required certification will be stricken.

b.   <u>Time of Filing; Form</u>.  A motion for protective order pursuant to Fed.R.Civ.P. 26 (c), a motion for physical and mental examination pursuant to Fed.R.Civ.P. 35(a), a motion to determine sufficiency pursuant to Fed.R.Civ.P. 36(a)(6), and a motion to compel pursuant to Fed.R.Civ.P. 37 shall be brought in a timely manner so as to allow sufficient time for the completion of discovery according to the schedule set by the Court. **In no event shall such a motion be filed after the close**

**of discovery**. Any such motion shall quote <u>in</u> <u>full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefore, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

        c.   <u>Time for Response</u>. Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion. Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which the response is based.

        d.   <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed.R.Civ.P. 26(b)(3) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(3) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

    11.  <u>DISPOSITIVE MOTIONS</u>. Motions for summary judgment and any other dispositive motions, especially those which require little or no discovery, are to be filed as soon as possible but in no event later than **January 20, 2012.** Neither the final pretrial conference nor the trial of this action will be delayed pending a ruling on such motions. **In submitting exhibits, the parties are reminded of Local Rules 5.5(b) and (c), which provide that only relevant portions of deposition transcripts or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.**

    12.  <u>SETTLEMENT</u>. On or before **December 1, 2011,** Plaintiffs' counsel shall contact defense counsel to arrange an in person

conference among lead counsel **and** a person possessing settlement authority for Plaintiffs **and** a person possessing settlement authority for Defendants, to discuss, in good faith, settlement of the case.

**If the conference does not produce a settlement, the parties shall file with the clerk of Court, on December 30, 2011,** a joint statement setting forth the status of settlement negotiations, and the parties' positions regarding settlement of this action through any of the approved alternative dispute resolution procedures.

Notwithstanding the above-referenced deadlines, the parties may contact the Court at any stage of the proceedings if they believe mediation or a settlement conference would be beneficial. Given that most actions settle, early settlement negotiations are strongly encouraged. A copy of the Court's alternative dispute resolution plan may be obtained from the Clerk of Court.

13. BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS. Unless prior permission of the Court is given:

a. A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to the brief do not count toward the page limitation. See LR 7.1(b).

b. An application to the Court for an order shall be by motion, not by letter. See Fed.R.Civ.P. 7(b). Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter. See LR 5.1(d).

c. **Except as otherwise provided herein**, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's chambers. A copy of a pleading, motion, or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; it may be adopted by reference. **If a party's exhibits in support of or in opposition to a motion exceed fifty (50) pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to the Judge's chambers by mail or hand delivery.**

      d.   Papers transmitted to the Court by facsimile will not be accepted for filing.   A copy of this Court's policy regarding the faxing of documents may be obtained from the Clerk of Court.

    14.   <u>LOCAL RULES</u>.  The Local Rules of this district contain important requirements concerning commencement of discovery, motions to dismiss and for summary judgment, class actions, and other matters.   They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Company), and are posted on the Court's website, **http://www.als.uscourts.gov**.  Since they are amended from time to time, the most current version may be the version posted by the Clerk of Court.

    DONE this the **20th** day of **May, 2011.**

                        **/s/SONJA F. BIVINS**_____
                        **UNITED STATES MAGISTRATE JUDGE**